REQUESTED BY: Dear Senator Johnson:
You have submitted to us a proposed amendment to LB 716, and have asked our opinion as to its constitutionality. In our opinion it would be difficult to defend the proposal from attack on the grounds that it violates the uniformity of taxation provision of Article VIII, section 1, and is not authorized by the provisions of Article VIII, section 2 of the Nebraska Constitution.
The proposed amendment would amend section 77-3506, R.S.Supp., 1979, by providing that the portion of the actual value of a homestead which would result in an ad valorem tax on such homestead in an amount which exceeds one and one half percent of the actual value of such homestead should be exempt from taxation.
The ramifications of this seemingly simple amendment are very complex, but we do not believe it is necessary to explore all of the possible difficulties of its application, because it seems clear that the exemption does not come within the language of the exemption authorized by Article VIII, section 2 of the Constitution. The provision in question reads:
 ". . . The Legislature may by general law provide that a portion of the value of any residence actually occupied as a homestead by any classification of owners
as determined by the Legislature shall be exempt from taxation." (Emphasis supplied.)
There is obviously no `classification of owners' involved in the proposed exemption. The classification is, rather, by location. If the residence is located in an area where the total taxes would exceed one and one half percent of its actual value, a portion of its value would be exempt. The extent of the exemption would depend upon the mill levy, the higher the levy, the greater the exemption. If the total mill levy in the area did not exceed the limitation, there would be no exemption.
Exemptions are not favored by the law. In OEA SeniorCitizens, Inc. v. County of Douglas, 186 Neb. 593,185 N.W.2d 464 (1971), the court said that statutes exempting property from taxation should be strictly construed, and one contending that his property is exempt must clearly show that he is within the exemption provided by statute. We believe the court would carry that logic one step further, and require that one claiming that an exemption was authorized by the Constitution must show that the Constitution clearly authorizes it.
As we have said, we do not believe the provision classifies the homesteads to receive the exemption by class of owners, and so is not specifically authorized by Article VIII, section 2. It is therefore forbidden by the other provision of that section that no property shall be exempt from taxation except as provided in the Constitution. Not being specifically authorized by the Constitution the exemption would provide for nonuniform taxation, in violation of Article VIII, section 1.